16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James SCHORN, Plaintiff-Appellant,
v.
Roger J. LAROSE; Jim Natouk, Defendants-Appellees.
 No. 93-2064.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: KEITH, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 James Schorn, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, Schorn sued Natouk, a police officer, and LaRose, a judge, in their individual capacities. Schorn alleged that the defendants conspired to violate his civil rights by giving him a ticket for failing to stop at a stop sign, an offense he claims he was "lured" into committing. He alleged that the defendants were involved in a conspiracy to operate a "stop trap" at the location where the plaintiff was given his ticket. Defendant Natouk would allegedly give drivers a ticket for failure to stop and then the driver would be sent before defendant LaRose who would find them guilty and impose a fine, a portion of which would be deposited into the state judges' retirement fund. After Judge LaRose found Schorn guilty, he was fined $70 and he received three points on his Michigan driver's license.
 
 
 3
 Schorn then filed a Sec. 1983 complaint which has been construed as alleging that the defendants: 1) denied him access to the courts; 2) violated his Fourteenth Amendment procedural and substantive due process and equal protection rights, and; 3) conspired to deny him his constitutional rights. Schorn also alleged bias on the part of the district court judge and requested that his case be transferred to another judge. The district court denied his request for a transfer and dismissed the case on its own motion pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 On appeal, Schorn's pro se brief is construed as alleging those claims which he raised in the district court. He also criticizes the standard used by the district court in dismissing his case, argues that the court considered matters outside the pleadings, erroneously denied discovery, and challenges the district court's refusal to transfer his case to another judge. He has filed a motion to require appellees to produce an appendix.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Schorn's Sec. 1983 action for failure to state a claim, as even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against the defendants. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 6
 Accordingly, we deny Schorn's motion to require appellees to file an appendix and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.